BROWN GAVALAS & FROMM LLP
Attorneys for Plaintiff
ALPHAMATE LTD.
355 Lexington Avenue
New York, New York 10017
212-983-8500

JUDGE KOELTL

08 CV 2952

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ALPHAMATE LTD.,

          Plaintiff,

    -against-

GLOBAL LOGISTICS GROUP LTD., ALTOMAR
MARITIME INC., and HIGH SEAS SHIPPING LTD.,

          Defendants.
----------------------------------------------------------------X

08 Civ.

**VERIFIED COMPLAINT**

Plaintiff, ALPHAMATE LTD. ("Plaintiff"), by its attorneys, Brown Gavalas & Fromm LLP, as and for its Verified Complaint against defendants GLOBAL LOGISTICS GROUP LTD. ("Global"), ALTOMAR MARITIME INC. ("Altomar"), and HIGH SEAS SHIPPING LTD. ("High Seas"), (collectively "Defendants"), alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has jurisdiction under 28 U.S.C. § 1333.

2. At all material times, Plaintiff was and now is a foreign corporation with an office and place of business at 41 Chalton Street, London NW1 1JD, United Kingdom.

3. Upon information and belief, at all material times, Global was and still is a foreign corporation with an office and place of business at R.R.E. Commercial Center, Relap Wing Suite 208, P.O. Box 1405, Majuro, Marshall Islands, MH 96960.

4. Upon information and belief, at all material times, Altomar was and still is a foreign corporation organized and existing under and by virtue of the laws of Canada, with an office and place of business at 5995 Gouin Boulevard West, Suite 200, Montreal, Quebec, Canada H4J 2P8.

5. Upon information and belief, at all material times, High Seas was and still is a foreign corporation with an office and place of business c/o Altomar Maritime Inc., 5995 Gouin Boulevard West, Suite 200, Montreal, Quebec, Canada H4J 2P8.

6. At all material times, Global was the disponent owner of the M/V SWIFT SECURE ("Vessel").

7. On or about December 17, 2007, Global, as disponent owner, and Plaintiff, as charterer, entered into a Syncomex 90 Charter Agreement ("Agreement") whereby Global agreed to let, and Plaintiff agreed to hire, the Vessel to transport a cargo of 35,000 metric tons of yellow corn ("the Cargo"), under certain terms and conditions, from Mobile, Alabama to one safe port in Libya.

8. The terms of the Agreement provided that Defendants were to have the Vessel available in Mobile to load the Cargo during the period of January 7-15, 2008. The Defendants failed to tender the Vessel for loading within the time provided in the Agreement and, further, Defendants refused to present the Vessel within the period required by the Agreement.

9. Because of Defendants' repudiatory breach of the Agreement, and to mitigate its own losses due to potential delay, Plaintiff made alternate arrangements to transport the Cargo aboard the M/V KENT PIONEER and the M/V SAMPHOGRACHT.

10. To avoid a deadfreight charge on the M/V SAMPHOGRACHT, Plaintiff had to purchase an additional 7,800 tons of cargo at a price of $50.50 per ton above the original

purchase price of the Cargo, resulting in damages of $393,900.00.

11. In addition, due to the changed circumstances of the voyage, the seller's bank charged Plaintiff an additional $2.12 per ton to amend the Letter of Credit for the purchase of the original 30,194.24 tons of the Cargo, resulting in an additional charge of $64,011.78.

12. Plaintiffs negotiated a rate of $96.00 per ton for freight shipped aboard the M/V SAMPHOGRACHT, which was $4.00 per ton less than the price in the Agreement. Therefore, Defendants are entitled to a credit of $79,200.00 for savings on 19,800 tons shipped aboard the M/V SAMPHOGRACHT.

13. Defendants' breach of the Agreement required Plaintiff to spend an additional $393,900.00 to avoid deadfreight charges and $64,011.78 to amend its original letter of credit. Plaintiff mitigated further damages in the amount of $79,200.00 by shipping some cargo at a lower price aboard the M/V SAMPHOGRACHT. Therefore, Plaintiff's total net loss is $378,711.78.

14. Upon information and belief, there exists, and at all times herein mentioned there existed, a unity of interest and ownership between Defendants, such that any individuality and separateness between said Defendants has ceased, and Defendants, and each of them, are the alter egos of each other.

15. Defendants conduct their operations as if they were one company. For example, Altomar's website, accessible at http://www.altomar.com, notes that it "has presently 2 major principals with whom it has developed a long standing relationship, these being *High Seas Shipping Ltd.* and *Global Logistics Group Ltd.*"

16. Upon information and belief, Defendants share the following employees: John Praeglas and Peter Salway.

17. Upon information and belief, the Defendants are partners and/or are joint ventureres.

18. Upon information and belief, Defendants GLOBAL LOGISTICS GROUP LTD., ALTOMAR MARITIME INC., and HIGH SEAS SHIPPING LTD., and each of them, completely controlled, dominated, managed, and operated each other, and/or disregarded their respective corporate form, and/or conducted business and operations of each of the entities as if the same were their own.

19. Adherence to the fiction of the separate existence of the Defendants as entities distinct from one another would permit an abuse of the corporate privilege and would sanction fraud and promote injustice given the breach and wrongful conduct of said Defendants, as alleged more particularly herein.

20. Under the terms of the Agreement, all disputes between the parties are to be decided by arbitration in London, pursuant to English law. Plaintiff is currently taking steps to commence arbitration proceedings in London.

21. This action is in aid of said London arbitration proceedings in accordance with 9 U.S.C. § 8. Plaintiff seeks to obtain adequate security to satisfy a potential London arbitration award in Plaintiff's favor.

22. In addition to recovering the principal amount due Plaintiff, Plaintiff also fully anticipates recovering interest, costs, and attorneys' fees, which are routinely awarded to the prevailing party in London arbitration proceedings. As best as can now be estimated, Plaintiff expects to recover the following amounts in the London arbitration:

    a. On the principal claim             $378,711.78

    b. Interest, costs and attorneys' fees      $71,288.22

TOTAL                                      $450,000.00

23. Upon information and belief, Defendants cannot be found within the District, within the meaning of Supplemental Rule B of the Federal Rules Civil Procedure, but are believed to have or will have during the pendency of this action assets within this District, specifically including cash, funds, freight, hire, accounts, and other property, in the hands of garnishees in the District including, but not limited to, American Express Bank, Ltd.; ABN-AMRO Bank; Mashreq Bank; Standard Chartered PLC; Bank of America; BNP Paribas New York; Deutsche Bank; HSBC; Bank of New York; J.P. Morgan Chase; Citibank, Bank of China; Wachovia Bank; Bank of Tokyo Mitsubishi UFJ Ltd.; Barclays Bank; Calyon; and UBS AG, which are believed to be due and owing to the Defendants.

Plaintiff prays:

A. That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That because the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules and the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all cash, goods, chattels, letters of credit, bills of lading, effects, debts, and monies, tangible or intangible, or any other funds held by any garnishee, including American Express Bank, Ltd.; ABN-AMRO Bank; Mashreq Bank; Standard Chartered PLC; Bank of America; BNP Paribas New York; Deutsche Bank; HSBC; Bank of New York; J.P. Morgan Chase; Citibank, Bank of China; Wachovia Bank; Bank of Tokyo Mitsubishi UFJ Ltd.; Barclays

5

Bank; Calyon; and UBS AG, which are due and owing to the Defendants, in the amount of $450,000.00, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Admiralty Rule B, answer the matters alleged;

C. That this action be stayed and this Court retain jurisdiction over this matter through the entry of any judgment or award, and any appeals thereof; and

D. That Plaintiff have such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
       March 20, 2008

>                         BROWN GAVALAS & FROMM LLP
>                         Attorneys for Plaintiff
>                         ALPHAMATE LTD.
>
>                         By: _____
>                             Robert J. Brown (RB-9131)
>                             Peter Skoufalos (PS- 0105)
>                             355 Lexington Avenue
>                             New York, New York 10017
>                             212-983-8500

## VERIFICATION

STATE OF NEW YORK    )
                    : ss.:
COUNTY OF NEW YORK  )

ROBERT J. BROWN, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Brown Gavalas & Fromm LLP, attorneys for Plaintiff.

2. I have read the foregoing Verified Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
ROBERT J. BROWN

Sworn to before me this
20th day of March 2008

_____
Notary Public

EVAN B. RUDNICKI
Notary Public of the State of New York
No. 02RU6142314
Qualified in Rockland County
Term Expires March 13, 2010

7